Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50132 | **DATE** | 9/16/2002 |
| **CASE TITLE** | BOARD OF TRUSTEES vs. LINDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to compel arbitration and stay proceedings is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| ✗ | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 17 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9-16-02 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, The Board of Trustees of the Ironworkers Local 498 Supplemental Pension Fund, The Board of Trustees of the Ironworkers Local 498 Defined Contribution Pension Fund, and William Johnson as a Trustee of The Ironworkers Local 498 Supplemental Pension Fund and The Ironworkers Local 498 Defined Contribution Pension Fund, filed a two-count complaint pursuant to 29 U.S.C. § § 1132(a)(2), 1132(a)(5)(B) against defendants Michael G. Linder, Joseph/Anthony and Associates, Inc., and Liz/Mar and Associates, Inc. Plaintiffs allege claims based on breach of fiduciary duty (Count I) and restitution (Count II). Defendants move to compel arbitration and stay proceedings based on three contentions: (1) The Administrative Services Agreement "ASA" between defendants and plaintiffs provides both parties with a mandatory arbitration clause, See also 9 U.S.C. § 1; (2) An Order of Rehabilitation entered by a Pennsylvania state court ordered that all matters relating to Legion Insurance Company's insured, defendants being one of the insured, be stayed; (3) The civil action would be prejudicial to the pending criminal investigation of the defendants. Jurisdiction is proper under 29 U.S.C. § 1132(e)(1). Because the court finds the ASA dispositive of the motion, the court need not discuss the latter two grounds for dismissal.

The Federal Arbitration Act "FAA" provides for a stay of proceedings and for an order compelling arbitration where the arbitration clause is a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. § 2, 3. Moreover, the FAA compels judicial enforcement of arbitration agreements, thereby making arbitration clauses, " valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. Therefore, "a district court must refer a dispute to an arbitrator 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Alliedsignal, Inc. v. B.F. Goodrich Co., 183 F.3d 568, 572-73 (7th Cir. 1999), quoting Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 53 (7th Cir. 1995).

Plaintiffs do not dispute the validity of the ASA arbitration clause, but rather plaintiffs argue that the scope of the arbitration clause does not reach Counts I and II of the complaint, the enforcement of the arbitration provision will frustrate the purposes of ERISA, and the ASA does not apply to defendants Linder and Liz/Mar. Initially, doubts concerning the scope of arbitrable issues in an arbitration clause should be resolved in favor of arbitration. Id., quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The clause at issue in this case states the following: "Any controversy or dispute arising out of or relating to the interpretation and the application of this Administrative Agreement shall be settled by arbitration...." (ASA § V(I)).

The court finds that Count I and II are expressly within the broad language of the arbitration clause. Plaintiffs' complaint alleges that commissions or fees earned by Joseph/Anthony and Linder were not authorized by the ASA, these fees were paid over to Linder through Liz/Mar, and the commissions paid were over and above the fees to which the Trustees agreed. (Pls. Compl. ¶ 63, 66). The allegations in plaintiffs' complaint directly relate to Section III of the ASA, which covers third-party administrator compensation. Plaintiffs' allegations that defendants breached their fiduciary duty by not defraying reasonable expenses of administration is covered under Section II of the ASA. As to Count II, the restitution plaintiffs seek is based on the alleged fraud of defendants in receiving commissions, which plaintiffs claim were not authorized by the ASA. Once more plaintiffs are primarily relying on the provisions of the ASA to contend that the transaction made between defendants were prohibited.

Second, the purposes of ERISA are not frustrated by upholding a valid arbitration clause where experienced business parties have contracted such provisions. Although, the Seventh Circuit has not directly dealt with the applicability of the FAA to ERISA ligation, it has upheld arbitration clauses where the allegations are primarily ERISA based. See Challenger v. Local Union No. 1, 619 F.2d 645 (7th Cir. 1980); see also Rovak v. PII Employee Benefit Trust, No. 92 C 6079, 1993 U.S. Dist. Lexis 174949 (N.D. Ill. 1993). The Second Circuit has expressly held that ERISA does not precluded arbitration of ERISA claims. Bird v. Shearson Lehman/American Express, Inc., 926 F.2d 116, 122 (2nd Cir. 1989), cert denied, 111 S.Ct. 2891 (1991); See also Fanning v. Bear Stearns and Co., No. 91 C 1461, 1991 U.S. Dist. Lexis 11891 (N.D. Ill. 1991). The court finds these cases are persuasive when the ERISA allegations alleged are within the scope of the arbitration clause, as in this case.

Lastly, the argument that because Linder and Liz/Mar are not signatories of the ASA plaintiffs can proceed against them despite being required to arbitrate with Joseph/Anthony is not persuasive. Plaintiffs cite no authority for this proposition. Where non-signatory defendants consent to arbitration, and plaintiffs' allegations are the same against all defendants, it is appropriate to compel arbitration of the claims against all defendants. See Knorr Brake Corp. v. Harbil, Inc., 556 F.Supp. 489 (N.D. Ill. 1983).

For the foregoing reasons defendants' motion to compel arbitration and stay proceedings is granted.